UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GRACIELA KOHLMAN,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>TIMOTHY TAYLOR,<br><br>　　　　　　　　　Defendant. | Case No.: 23-cv-1482-JO-DEB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH PREJUDICE** |

　　　　Plaintiff Graciela Kohlman ("Plaintiff") filed a civil rights action against Judge Timothy Taylor alleging that the legal rulings and statements he made from the bench violated her constitutional rights. Dkt. 1, Complaint. Defendant filed a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure. Dkt. 5. For the reasons stated below, the Court GRANTS Defendant's motion to dismiss with prejudice.

///

///

///

# I. BACKGROUND

Plaintiff alleges that Judge Taylor repeatedly violated her constitutional rights while presiding over her state court case. In January 2019, Plaintiff and her daughter filed a lawsuit against their former attorney, Lawrence Mudgett, in San Diego Superior Court. Compl. at 4, 6. Judge Taylor was assigned to the case. *Id.* at 6. To begin, while holding a hearing on an anti-SLAPP motion brought by Mudgett, Judge Taylor "exhibited bias and prejudice" by refusing to consider Plaintiff's untimely briefing, granting the anti-SLAPP motion, and dismissing the complaint. *Id.*

After this hearing, Judge Taylor continued to preside over this case. In July 2019, Judge Taylor held a case management conference even though Plaintiff and her daughter were not present. *Id.* at 5. Later, at a hearing in November 2019, Judge Taylor denied their request to continue the matter so that they could find an attorney. *Id.* In February 2020, during a hearing on Plaintiff's and her daughter's motion to set aside the initial anti-SLAPP ruling and to amend their complaint, Judge Taylor refused to wait for their counsel, who was tardy, and held a hearing in his absence. *Id.* at 7. At this same hearing, Judge Taylor denied both motions and made rude comments from the bench. *Id.* Additionally, in April 2023, Judge Taylor granted Mudgett's motion to restrain Plaintiff as a judgment debtor. *Id.* at 8.

Plaintiff and her daughter then filed another suit against Mudgett, this time in small claims court. *Id.* At a subsequent hearing, Judge Taylor found that the small claims case was related to the original case before him and dismissed the small claims case. *Id.* Plaintiff alleges that, while dismissing the small claims case, Judge Taylor shouted at Plaintiff and her daughter that "there were winners and losers, and you lost." *Id.*

Based on these facts, Plaintiff brings a civil rights action against Defendant under 42 U.S.C § 1983. First, she alleges that Judge Taylor violated her First Amendment rights by (1) denying Plaintiff a fair hearing; (2) rejecting her motion to amend her complaint; (3) refusing to consider her untimely briefing on the anti-SLAPP motion; (4) denying her motion to set aside the judgment; (5) failing to wait for her attorney to arrive

during a hearing; and (6) interrupting her during hearings.  Second, she alleges that he violated her Ninth Amendment rights by (1) refusing to let her amend her complaint; (2) rejecting her untimely anti-SLAPP briefing; (3) denying her motion to set aside the judgment; and (4) depriving her of adequate time to find an attorney.  Finally, she alleges that he violated her Fourteenth Amendment rights by (1) denying her a fair hearing; (2) denying her request to amend her complaint; (3) refusing to wait for her attorney to arrive for a hearing; and (4) depriving her of adequate time to find an attorney.  *Id.* at 5.

## II.    LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of the claims asserted in the complaint.  Fed. R. Civ. P. 12(b)(6); *Navarro v. Block*, 250 F.3d 729, 731 (9th Cir. 2001).  A court must accept all factual allegations pleaded in the complaint as true and draw all reasonable inferences from them in favor of the nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).  However, a court need not accept conclusory allegations as true, but "examine whether conclusory allegations follow from the description of facts as alleged by the plaintiff."  *Holden v. Hagopian*, 978 F.2d 1115, 1121 (9th Cir. 1992).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  To avoid a Rule 12(b)(6) dismissal, a complaint must plead "enough facts to state a claim for relief that is plausible on its face."  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

A claim is facially plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  While a plaintiff need not give "detailed factual allegations," a plaintiff must plead sufficient facts that, if true, "raise a right to relief above the speculative level."  *Twombly*, 550 U.S. at 545.  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556).  Plausibility requires pleading facts, as opposed to

conclusory allegations, which rise above the mere conceivability or possibility of unlawful conduct. *Twombly*, 550 U.S. at 555.

When a court dismisses a complaint under Rule 12(b)(6), it must then decide whether to grant leave to amend. Federal Rule 15(a) provides that a district court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a). A district court has discretion to deny leave to amend when a proposed amendment would be futile. *Chappel v. Lab. Corp. of America*, 232 F.3d 719, 725–26 (9th Cir. 2000). Amendment is futile "if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff–Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988) (overruled on other grounds).

### III. DISCUSSION

Defendant argues that Plaintiff's claims against him are barred for several reasons, including judicial immunity, Eleventh Amendment immunity, the *Rooker-Feldman* doctrine, and the statute of limitations for section 1983 claims. The Court will first examine whether Plaintiff's claims against Judge Taylor are barred by the doctrine of judicial immunity and then determine if it needs to address Defendant's remaining arguments.

After reviewing the complaint, the Court agrees that Plaintiff's claims against Judge Taylor are barred in their entirety by judicial immunity. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) (citing *Richardson v. Koshiba*, 693 F.2d 911, 913 (9th Cir. 1982)). While a judge is not entitled to immunity for actions taken in their personal capacity, actions taken in their official capacity and within their jurisdiction are protected from suit. *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978). In determining whether a judge's actions are subject to this immunity, courts consider factors such as whether

> (1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then

pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity.

*Duvall v. Cnty. of Kitsap*, 260 F.3d 1124, 1133 (9th Cir. 2001).

Here, the entirety of Plaintiff's allegations against Judge Taylor concern actions he took while presiding over her case. Plaintiff alleges that Judge Taylor violated her constitutional rights by (1) issuing substantive rulings (e.g. dismissing her case, denying her motion to set aside the judgment); (2) making case management decisions (e.g. denying continuances, holdings hearing without her or her attorney present); and (3) making rude comments from the bench. Compl. at 5–8. These rulings and case management decisions, however, are "normal judicial functions" and, therefore, protected by judicial immunity. *See Duvall*, 260 F.3d at 1133 ("Ruling on a motion is a normal judicial function, as is exercising control over the courtroom while court is in session."). Similarly, a judge's comments during court hearings also fall within the category of normal judicial functions. *See Pengelly v. Hawaii, Fam. Ct. of Third Cir.*, No. CV 17-00306 SOM-KJM, 2017 WL 4683921, at *7 (D. Haw. Oct. 18, 2017) (holding that it is a normal judicial function for a judge to make comments from the bench during a court proceeding). Plaintiff does not dispute that Judge Taylor took these actions in his courtroom and in connection with a case assigned to him and within his jurisdiction. *See Stump*, 435 U.S. at 356–57. Nor does she allege that Judge Taylor took any further actions in his personal capacity or outside the context of Plaintiff's case before him. Because Plaintiff's allegations against Judge Taylor all concern actions that he took as a judicial officer on a case properly before him, the Court finds that Defendant is entitled to absolute judicial immunity. The Court therefore dismisses these claims in their entirety.

Because amendment cannot cure the fundamental deficiency of her claims, i.e., that they are barred by judicial immunity, the Court dismisses Plaintiff's complaint without leave to amend. *Ashelman*, 793 F.2d at 1075 ("If judicial . . . immunity bar[s] recovery, no amendment could cure the deficiency and the action was properly

terminated on a motion to dismiss."); *see Miller*, 845 F.2d at 214 (finding amendment futile "if no set of facts can be proved under the amendment . . . that would constitute a valid and sufficient claim.").

Because the Court dismisses these claims with prejudice on judicial immunity grounds, the Court declines to address whether Defendant is also immune under the Eleventh Amendment or whether this suit is barred by the *Rooker-Feldman* doctrine or the statute of limitations.

## IV.   CONCLUSION

For the reasons discussed above, the Court GRANTS Defendant's motion to dismiss.  Dkt. 5.  The Court also DENIES as MOOT Defendant's Request for Judicial Notice [dkt. 5-2], Plaintiff's Request for Judicial Notice [dkt. 10-5–8], and Defendant's Motion to Strike Plaintiff's Declarations [dkt. 12] on the grounds that the Court did not rely on these documents in reaching its decision.  Plaintiff's Complaint is DISMISSED with prejudice.  The Clerk of Court is directed to close the case.

**IT IS SO ORDERED**.

Dated:  January 24, 2024

_____
Honorable Jinsook Ohta
United States District Judge